UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LYNN GAVIN,<br><br>           Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>           Defendants. | Case No.  15-cv-05202-EMC<br><br>**ORDER (1) GRANTING *IN FORMA PAUPERIS* STATUS, (2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, (3) DISMISSING CASE WITH PREJUDICE, AND (4) ORDER TO SHOW CAUSE**<br><br>Docket Nos. 2, 4 |

## I.    INTRODUCTION

On November 13, 2015, Plaintiff Lynn Gavin filed the instant *pro se* suit against multiple defendants, alleging various federal and state law violations.  Plaintiff has applied to proceed *in forma pauperis*, and also moves for a temporary restraining order (TRO) for emergency housing assistance at a hotel and retroactive reinstatement into the Housing Choice Voucher Program.  *See* Docket No. 2 (In Forma Pauperis Application) (IFP App.); Docket No. 4 (TRO Application) at 5.

For the reasons discussed below, the Court **GRANTS** Plaintiff's *in forma pauperis* application, **DISMISSES WITH PREJUDICE** the instant complaint, **DENIES** the TRO application as moot, and issues an **ORDER TO SHOW CAUSE** as to why Plaintiff should not be deemed a vexatious litigant.

## II.    DISCUSSION

A.    *In Forma Pauperis* Application

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).  Section 1915(a) does not require an applicant to demonstrate absolute destitution.  *See McCone v. Holiday Inn Convention*

1 | *Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*,

2 | 335 U.S. 331, 339).

3 |  In her application, Plaintiff states that she is currently unemployed and that her only source

4 | of money is social security, as she is disabled.  IFP App. at 2; *see* Compl. at ¶ 107.  Plaintiff does

5 | not specify the amount of social security received.  *Id.*  Plaintiff asserts that she lacks any assets,

6 | and does not own a home or a vehicle, or have any money in a bank account.  Given this

7 | information, Plaintiff's application to proceed *in forma pauperis* is granted.

8 | B.  Allegations in Complaint

9 |  The Court must dismiss an *in forma pauperis* action at any time if the Court determines

10 | that the allegation of poverty is untrue, the action is frivolous or malicious, or the action fails to

11 | state a claim upon which relief may be granted or seeks monetary relief against a defendant

12 | immune from such relief.  *See* 28 U.S.C. § 1915(e). The determination of whether the litigant has

13 | stated a claim is decided under the same standard used in Rule 12(b)(6) motions to dismiss.

14 | *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  In considering such a motion, a court

15 | must take all allegations of material fact as true and construe them in the light most favorable to

16 | the nonmoving party, although "conclusory allegations of law and unwarranted inferences are

17 | insufficient to avoid a Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th

18 | Cir. 2009).  The Court further notes that *pro se* pleadings must be liberally construed.  *See*

19 | *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

20 |  The Court finds that dismissal of the complaint with prejudice is warranted.  The instant

21 | suit is the tenth in a series of suits filed by Plaintiff and/or her son, Bamidele Hambolu in the

22 | Northern District of California.  *See Hambolu v. Parkmerced Investors Props.*, No. 12-cv-3824-

23 | PJH; *Gavin v. Murphy*, No. 12-cv-5864-RS; *Gavin v. Arntz*, No. 13-56-PJH, *Hambolu v. San*

24 | *Francisco Hous. Auth.*, No. 14-cv-3020-JSC; *Gavin v. FCOF PM EQ LLC*, No. 14-4582-RS;

25 | *Gavin v. Bd. of Supervisors*, No. 14-cv-4583-RS; *Hambolu v. San Francisco Hous. Auth.*, No. 14-

26 | cv-4975-RS; *Hambolu v. PCOF PM EQ, LLC*, No. 15-cv-2780-RS; *Gavin v. San Francisco Hous.*

27 | *Auth.*, No. 15-cv-4097-RS.  Like those suits, this action alleges that Plaintiff was wrongfully

28 | evicted from the Parkmerced apartments in 2012, after she failed to pay allegedly usurious utility

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    bills.  Docket No. 1 (Compl.) at ¶¶ 99, 100; TRO Application at 12; *see also Hambolu v. PCOF*

2    *PM EQ, LLC*, Nos. 15-cv-2780-RS and 15-cv-4097-RS, 2015 U.S. Dist. LEXIS 123876, at *1-2

3    (N.D. Cal. Sep. 16, 2015).

4           Plaintiff's cases have been dismissed on various grounds, including preclusion, statute of

5    limitations, failure to prosecute, failure to state a viable claim, and failure to comply with

6    administrative requirements such as the California Torts Claims Act.  *E.g.*, *Hambolu v. FCOF PM*

7    *EQ, LLC*, No. 15-2780-JSW, 2015 U.S. Dist. LEXIS 82865, at *2-3 (N.D. Cal. June 25, 2015)

8    (finding that Plaintiffs' federal law claims were likely time-barred); *Gavin v. Arntz*, No. 13-56-

9    PJH, 2013 U.S. Dist. LEXIS 124730, at *8-9, 15-21 (N.D. Cal. Aug. 30, 2013) (dismissing claims

10   to the extent that they were previously raised against the Parkmerced defendants, and dismissing

11   the remainder for failure to state a claim and comply with the California Tort Claims Act); *Gavin*

12   *v. Park Merced Investors Props. LLC*, No. 12-5864-RS, 2013 U.S. Dist. LEXIS 60914, at *2-3

13   (dismissing for failure to connect any of the named defendants to a legal violation).  Most recently,

14   in *Hambolu v. PCOF PM EQ, LLC*, the court dismissed the case with prejudice based on

15   Plaintiff's failure to provide "a short and plain statement of the claim showing that the pleader is

16   entitled to relief."  2015 U.S. Dist. LEXIS 123876, at *3 (quoting Fed. R. Civ. P. 8).  The court

17   found that the complaints were "filled with unnecessary and improper argument and citations,"

18   and that the "[i]nclusion of extraneous materials not only violates the spirit and letter of the rules,

19   it also renders it nearly impossible to determine whether any allegations of fact buried within the

20   rhetoric might support a viable claim against at least some defendants."  *Id.* at *4.  The court

21   further found that "many of the[] theories are simply not viable (and may even be precluded)."  *Id.*

22   In dismissing with prejudice, the court explained that "Plaintiffs' lengthy and checkered history in

23   this district, characterized by serial filings and a repeated failure to prosecute, demonstrates that

24   leave to amend would be futile in these cases."  *Id.* at *5-6.

25          To the extent that Plaintiff's claims were previously raised against the same defendants, the

26   claims are precluded.  *See Knox v. Donahoe*, No. C-11-cv-2596-EMC, 2012 U.S. Dist. LEXIS

27   37719, at *8-13 (N.D. Cal. Mar. 20, 2012).  Furthermore, like other courts in this district, the

28   Court finds that Plaintiff's 84-page complaint fails to provide a "short and plain statement of the

claim," but simply repeats the same, conclusory allegations.  *See* Compl. at ¶¶ 77, 79, 114, 165, 237, 295 (repeating allegation that Defendant Mayor Edwin M. Lee has "through a conflict of interest" injured Plaintiff by failing to act on the issuance of 700 three-day notices by Parkmerced for usurious utility fees).  For her individual claims, Plaintiff repeats the same conclusory allegation against individual defendants, but fails to allege any facts supporting the cause of action.  For example, with respect to Plaintiff's third cause of action for 18 U.S.C. Section 241 "conspiracy against rights," Plaintiff simply repeats the allegation that the individual defendants through a "conflict of interest" injured her family by failing to act on the 700 three-day notices for usurious utility fees and "permitted discrimination" resulting in the loss of her subsidized housing, but never alleges what the individual defendant did specifically and how it constitutes a conspiracy.  *See* Compl. at ¶¶ 114-157; *see also id.* at ¶¶ 165-223 (making same allegations with respect to fourth cause of action for 18 U.S.C. Section 242 "deprivation of rights under color of law"); ¶¶ 237-272 (making same allegations with respect to fifth cause of action for 18 U.S.C. Section 245 "federally protected rights"); ¶¶ 295-336 (making same allegations with respect to sixth cause of action for 42 U.S.C. Section 3631 "criminal interference with right to fair housing").

In addition to this failure to provide specific facts that support her claims, Plaintiff's claims lack merit.  For example, Plaintiff brings a Brown Act claim for the alleged failure to provide notice as to changes made in a May 24, 2011 Land Use Committee meeting of Parkmerced's Development Agreement.  Compl. at ¶ 403.  To bring a Brown Act claim seeking the nullification of a prior action, an interested party must make a written demand to the legislative body to cure or correct the alleged violation within 90 days from the date of the action taken.  Cal. Gov. Code § 54960.1.  The legislative body then has 30 days to act or decline to cure.  If the legislative body declines to cure, the interested party has only 15 days to file suit.  Given these strict deadlines, Plaintiff's Brown Act claim is certainly time-barred.  Furthermore, Plaintiff's causes of action under federal criminal statutes cannot support a civil cause of action.  *See Todd v. Mukasey*, Case No. C-14-1873 JCC-BAT, 2014 U.S. Dist. LEXIS 179629, at *4 (W.D. Wash. Dec. 15, 2014) (finding that 18 U.S.C. Section 1031 (major fraud against the United States) could not be brought

as civil action); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. Sections 241 and 242 provide no basis for civil liability); *Bey v. City of Oakland*, No. 14-cv-1626-JSC, 2014 U.S. Dist. LEXIS 118374, at *7 (N.D. Cal. Aug. 25, 2014) (finding no private right of action under 18 U.S.C. Section 245); *Adams v. Easley*, No. CIV S-11-0826 GEB CKD PS, 2011 U.S. Dist. LEXIS 98568, at *3-4 (finding that 42 U.S.C. Section 3631 provides only for criminal penalties, not civil liability).

For these reasons, Plaintiff's claims will be dismissed with prejudice.  While *pro se* litigants are generally given the opportunity to amend deficient pleadings, leave may be denied where amendment would be futile.  Given the legal deficiency in the vast majority of Plaintiff's claims, as well as Plaintiff's problematic history of litigation in this district, the Court finds that dismissal with prejudice is warranted in this case.  In light of this dismissal, Plaintiff's TRO Application is denied as moot.[1]

C.     Vexatious Litigant

When a litigant has filed numerous harassing or frivolous lawsuits, courts have the power to declare him a vexatious litigant and enter an order requiring that any future complaints be subject to an initial review before they are filed.  District courts have the power to enter pre-filing orders against vexatious litigants under the All Writs Act.  28 U.S.C. § 1651(a); *see Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir 2007).  The Ninth Circuit has cautioned, however, that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts."  *Id.* Nevertheless, such pre-filing orders are sometimes appropriate because "[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In *De Long*, the Ninth Circuit set out the requirements for entering pre-filing orders against vexatious litigants.  First, the litigant must be given notice and an opportunity to be heard before

---

[1] The Court also notes that the TRO Application is *exactly* the same as that denied on September 16, 2015.  *See Hambolu*, 2015 U.S. Dist. LEXIS 123876, at *6 n.3.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

the order is entered.  Second, the Court must compile an adequate record for review, including a list of all filings and motions leading to the conclusion that the individual is a vexatious litigant.  Third, the Court must make substantive findings that the litigant's filings are frivolous or harassing.  Finally, the pre-filing order may not be overly broad, and must be "narrowly tailored to closely fit the specific vice encountered."  *See De Long*, 912 F.2d at 1147-48.

Since 2012, Plaintiff has filed ten similar lawsuits in this district, including this case.  These lawsuits and their outcome are listed as Exhibit A hereto.  The lawsuits are all based on Plaintiff's eviction in 2012 from the Parkmerced apartments.  Each of the cases has been dismissed, including multiple dismissals for failure to prosecute.  Pursuant to the first *DeLong* requirement, Plaintiff is hereby **ORDERED** to show cause why she should not be declared a vexatious litigant and have a pre-filing order entered against her.

### III.     CONCLUSION

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and her complaint is hereby **DISMISSED** with prejudice.  Further, she is **ORDERED** to show cause why she should not be declared a vexatious litigant; Plaintiff is directed to file her response to the order to show cause by **December 18, 2015**.

This order disposes of Docket Nos. 2 and 4.

**IT IS SO ORDERED**.

Dated: November 18, 2015

_____
EDWARD M. CHEN
United States District Judge