UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN GAVIN,<br><br>  Plaintiff,<br><br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Defendants. | Case No. 15-cv-05202-EMC<br><br>**ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT** |

## I.   INTRODUCTION

On November 13, 2015, Plaintiff Lynn Gavin filed the instant *pro se* suit against multiple defendants, alleging various federal and state law violations. Docket No. 1 (Compl.). This suit was the tenth in a series of suits filed by Plaintiff and/or her son, Bamidele Hambolu, in the Northern District of California. *See Hambolu v. Parkmerced Investors Props.*, No. 12-cv-3824-PJH; *Gavin v. Murphy*, No. 12-cv-5864-RS; *Gavin v. Arntz*, No. 13-56-PJH, *Hambolu v. San Francisco Hous. Auth.*, No. 14-cv-3020-JSC; *Gavin v. FCOF PM EQ LLC*, No. 14-4582-RS; *Gavin v. Bd. Of Supervisors*, No. 14-cv-4583-RS; *Hambolu v. San Francisco Hous. Auth.*, No. 14-cv-4975-RS; *Hambolu v. PCOF PM EQ, LLC*, No. 15-cv-2780-RS; *Gavin v. San Francisco Hous. Auth.*, No. 15-cv-4097-RS. Each of these suits alleges that Plaintiff was wrongfully evicted from the Parkmerced apartments in 2012, after she failed to pay allegedly usurious utility bills. Compl. at ¶¶ 99, 100; *see also Hambolu v. PCOF PM EQ, LLC*, Nos. 15-cv-2780-RS and 15-cv-4097-RS, 2015 U.S. Dist. LEXIS 123876, at *1-2 (N.D. Cal. Sep. 16, 2015).

Plaintiff's cases have been dismissed on various grounds, including preclusion, statute of limitations, failure to prosecute, failure to state a viable claim, and failure to comply with administrative requirements such as the California Torts Claims Act. *See* Docket No. 7, Exh. A

(listing cases). This case was no different, with this Court dismissing the case with prejudice based on claim preclusion, failure to provide a short and plain statement of the claim, time bar, and failure to state a viable claim. *Id.* at 3-5. The Court also issued an Order to Show Cause as to why Plaintiff should not be declared a vexatious litigant, given her history of litigation in this district. *Id.* at 6. Plaintiff did not file a response.

For the reasons listed below, the Court finds that Plaintiff is a vexatious litigant.

## II.  DISCUSSION

### A.  Legal Standard

District courts have the inherent power to enter pre-filing orders against vexatious litigants under the All Writs Act. 28 U.S.C. § 1651(a); *see Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The Ninth Circuit has cautioned, however, that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Id.* Nevertheless, such pre-filing orders are sometimes appropriate because "[f]lagrant abuse of the judicial power . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

### B.  *De Long* Factors

In *De Long*, the Ninth Circuit set forth the requirements for entering pre-filing orders against vexatious litigants:

(1) The litigant must be given notice and opportunity to be heard before the order is entered;

(2) The court must compile an adequate record for review, including a list of all filings and motions leading to the conclusion that an individual is a vexatious litigant;

(3) The court must make substantive findings that the litigant's filings are frivolous or harassing; and

(4) The pre-filing order may not be overly broad, and must be "narrowly tailored to closely fit the specific vice encountered."

*De Long*, 912 F.2d at 1147-48.

1.     Notice and Opportunity to be Heard

The first factor simply requires that the litigant be given an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147. It does not require an in-person hearing. Courts in this circuit have held that a motion to declare a litigant vexatious does not require oral argument. *See, e.g.*, *Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 U.S. Dist. LEXIS 171421, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard; the opportunity to brief the issue fully satisfies due process requirements.") (internal quotations omitted); *Fiechtner v. Young*, No. CV 13-9-M-DLC, JCL, 2013 U.S. Dist. LEXIS 31086, at *3 (D. Mont. Feb. 6, 2013) ("An opportunity to be heard is satisfied by providing an opportunity to file a brief, and does not necessarily require an oral or evidentiary hearing in court."), *report and recommendation adopted by* 2012 U.S. Dist. LEXIS 31158 (D. Mont. Mar. 4, 2013). Additionally, at least one circuit court has held that a *pro se* litigant has a right to be heard on paper but not necessarily in person. *See, e.g.*, *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) ("The notice and opportunity requirement does not, however, require an in-person hearing in the district court.").

The Court finds that the first *De Long* factor is met because the Court issued an Order to Show Cause, and Plaintiff had an opportunity to file a written opposition. Docket No. 7 at 6; *see also Martin v. Redwood City Dental Care*, Case No. 15-cv-3151-JST, 2015 U.S. Dist. LEXIS 173275, at *3-4 (N.D. Cal. Dec. 29, 2015) (finding that Plaintiff was given an opportunity to be heard despite not responding to the order to show cause or appearing at the hearing); *Adams v. Currie*, Case No. EDCV 14-1838 PSG (SS), 2015 U.S. Dist. LEXIS 100684, at *14 (C.D. Cal. July 6, 2015) (finding that Plaintiff was given notice and an opportunity to be heard despite not responding to an OSC), *report and recommendation adopted by* 2015 U.S. Dist. LEXIS 100617, at *1-2 (C.D. Cal. July 30, 2015); *Jibreel v. Hock Seng Chin*, Case No. 14-cv-02774-JST, 2014 U.S. Dist. LEXIS 164359, at *3 fn. 1 (N.D. Cal. Nov. 21, 2014) (finding that Plaintiff was given opportunity to be heard even when order to show cause was returned as undeliverable because per Civil Local Rule 3-11, *pro se* parties have a duty to maintain a current address with the Court).

2.     Adequate Record for Review

The second factor is merely procedural. *De Long*, 912 F.2d at 1147 ("An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant was needed."). It requires only that the court compile a list of actions and filings by the litigant. *See, e.g.*, *Hurt v. All Sweepstakes Contests*, No. C-12-4187-EMC, 2013 U.S. Dist. LEXIS 4802, at *5 (N.D. Cal. Jan. 11, 2013) (finding the second *De Long* factor met where the court "compiled a list of all the actions Plaintiff filed"). This factor is met here as the Court has listed and discussed each of the ten actions that the Plaintiff has filed. *See* Docket No. 7 at 2-3, Exh. A.

3.     Frivolous of Harassing Filings

The third factor "gets to the heart of the vexatious litigant analysis," *see Molski*, 500 F.3d at 1059, and requires the district court to look to "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

The Court notes that the number of cases filed by Plaintiff and her son (ten) is relatively low compared to other cases where litigants were found vexatious. *See De Long*, 912 F.2d at 1147 (citing cases involving 35, "over 50," and "over 600" actions); *Miles v. Makishima*, No. C-08-4091-MMC, 2009 U.S. Dist. LEXIS 75676, at *1 (N.D. Cal. Aug. 14, 2009) (same). However, the number of lawsuits filed by the litigant need not be numerous. *See Boustred v. Government*, No. C-08-00546-RMW, 2008 U.S. Dist. LEXIS 111090, at *2 (N.D. Cal. Sept. 17, 2008) (*Boustred II*) (finding "plaintiff has now brought three actions containing similar rambling, largely incomprehensible claims against a multitude of defendants" sufficient in terms of finding an "adequate record for review').

But while the number of filings here (ten) does not establish Plaintiff as vexatious *per se*, the patently meritless nature of her filings and motions do. *See, e.g.*, *Huggins v. Hynes*, 117 Fed. Appx. 517, 518 (9th Cir. 2004) (unpublished disposition) (affirming district court's pre-filing order in part because "Huggins abused the courts by repeatedly relitigating the same controversy

4

and repeatedly filing frivolous motions and pleadings"). Here, each of Plaintiff's ten cases are based on the same facts, namely her allegedly wrongful eviction from the Parkmerced apartments in 2012, based on her failure to pay allegedly usurious utility bills. Eight of the nine previous lawsuits were either dismissed with prejudice for failure to state a claim or failure to prosecute; the last was voluntarily dismissed by Plaintiff after the court sua sponte dismissed the case with leave to amend. *See* Docket No. 7, Exh. A. In addition to issues of claim preclusion, Plaintiff's legal theories were patently flawed; each of her causes of action in this case were either time-barred or based on federal criminal statutes that cannot support a civil cause of action. Docket No. 7 at 4-5. Furthermore, like many of her prior complaints, Plaintiff's 84-page complaint simply repeated the same conclusory statements, with almost no factual allegations. Even the Temporary Restraining Order (TRO) application filed in this case was a repeat; Plaintiff filed the same exact TRO application in *Gavin v. San Francisco Housing Authority*, which was denied by Judge Seeborg on September 16, 2015. *Compare* Docket No. 4 *with* Case No. 15-cv-4097-RS, Docket No. 3. Dissatisfied with the ruling, Plaintiff filed the instant lawsuit, naming Judge Seeborg as one of the over 30 named defendants.

Certain of the Second Circuit *Safir* factors, which the Ninth Circuit has found "helpful" in considering the third (frivolous and harassing filings) and fourth (narrow tailoring of order) *De Long* factors, are instructive here. *See Molski*, 500 F.3d at 1058 ("Thus, the Second Circuit's five-factor standard provides a helpful framework for applying the two substantive factors (factors three and four) of our own four-factor standard."). The Second Circuit standard as articulated in *De Long* considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). Courts in this district have also considered the *Safir* factors to augment the *De Long* factors. *See, e.g.*,

*Boustred II*, 2008 U.S. Dist. LEXIS 111090, 2008 WL 4287570, at *2-3 (considering all five *Safir* factors).

Most relevant here are the *Safir* factors three and four. First, since Plaintiff is not represented by counsel and instead proceeds *pro se*, this Court treads carefully when considering whether and how to fashion an appropriate pre-filing order. *See De Long*, 912 F.2d at 1147 (noting use pre-filing orders to curb access to courts should be done with care where a *pro se* litigant is involved yet recognizing the courts are also free to enjoin litigants with "abusive and lengthy histories"). Second, the fourth *Safir* factor speaks directly to the factual scenario currently before this Court -- though low in number, Plaintiff's filings and motions have imposed substantial costs upon the many named defendants and the courts, both in terms of time and money. *See, e.g., Moy v. U.S.*, 906 F.2d 467, 470 (9th Cir. 1990) (finding despite fact that litigant only "filed over five claims," those claims arose "out of the same set of operative facts," expended "a great deal of the district court's and defendants' time and money attempting to relitigate claims that the district court" had already found unsupported by facts or law as "sufficient justification for enjoining further complaints" but ultimately modifying district court's order as overbroad). Accordingly, while Plaintiff has filed relatively few actions, her lawsuits are frivolous, factually and legally unsupported, and seek to relitigate previously rejected claims, which have imposed substantial cost to defendants and the courts.

4. <u>Narrowly Tailored</u>

The fourth and final factor requires the pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (citing *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)).

Although Plaintiff has filed relatively few lawsuits, she has brought multiple lawsuits before multiple judges in this district, based on previously rejected facts and theories. Accordingly, the Court finds it appropriate to deem her a vexatious litigant and to fashion a narrowly tailored pre-filing order as set forth below:

6

Plaintiff must obtain leave of court before filing any further suits based on her allegations that she was wrongfully evicted from the Parkmerced apartments in 2012. The Clerk of this Court shall not accept for filing any further complaints filed by Plaintiff or on behalf of Plaintiff alleging any claims described herein until that complaint has first been reviewed by a judge of this court and approved for filing. The pre-filing review will be made by the general duty judge who will determine whether Plaintiff has stated a potentially cognizable claim in a short, intelligible, and plain statement.

### III. CONCLUSION

For the foregoing reasons, Plaintiff is hereby **DECLARED** a vexatious litigant. The Clerk of this Court may not file or accept any further complaints filed by or on behalf of Plaintiff alleging any claims of wrongful eviction from the Parkmerced apartment in 2012. If Plaintiff wishes to file a complaint alleging any such claims, she shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing. Any violation of this Order will expose Plaintiff to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

**IT IS SO ORDERED**.

Dated: January 12, 2016

_____
EDWARD M. CHEN
United States District Judge